UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REYNOLDS, | CASE NO. 1:05-CV-01014-AWI-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Docs. 1, 11, and 12) |
| Defendants. / | |

I.  Findings and Recommendations Following Screening of Complaint

   A.  Procedural History

Plaintiff James Reynolds ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 8, 2005. (Doc. 1.) On April 7, 2006, the court issued an order finding that plaintiff's complaint contains a cognizable claim for relief against defendants Landry and Casby for use of excessive force, in violation of the Eighth Amendment, but does not contain any other claims for relief which are cognizable under section 1983. (Doc. 11.) The court order plaintiff to either file an amended complaint curing the deficiencies identified by the court or notify the court of his willingness to proceed only on his cognizable excessive force claim. (Id.) On April 26, 2006, plaintiff notified the court that he wishes to proceed only on his cognizable excessive force claim. (Doc. 12.)

///

///

1

B.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

C.     Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names California Department of Corrections and Rehabilitation Director Jeanne Woodford, Warden Allen Scribner, Associate Warden M. Poulos, Lieutenant J. Hill, and Correctional Officers L. Landry and T. Casby as defendants. Plaintiff is seeking money damages, and alleges claims for relief for use excessive force, retaliation, and denial of due process.

D.     Plaintiff Claims

1.     Excessive Force Claim

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Plaintiff allegations that on July 16, 2004, defendant Landry pepper sprayed him and beat him about his head with the pepper spray canister, and that defendant Casby witnessed the incident but

3

failed to intervene are sufficient to give rise to a claim for relief under section 1983 for use of excessive force. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (an officer may be held liable for failing to intercede if he had a "realistic opportunity" to intercede but failed to do so). (Comp., ¶¶17-18.) However, there are no allegations linking any other named defendant to the incident of excessive force. Although plaintiff alleges that defendant Poulos "acquiesced" to the use of force, plaintiff sets forth no allegations supporting a claim that defendant Poulos was directly involved in the incident or knew the incident was occurring and failed to intervene. (Comp., ¶39.)

    2.  Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Although plaintiff alleges that he was retaliated against for complaining about his conditions of confinement, plaintiff has not alleged sufficient facts supporting a claim that he was beaten up in retaliation for complaining or that any other adverse action was taken by a named defendant in retaliation for complaining. (Comp., ¶¶15-19, 41-42, 45.)

    3.  Due Process Claim

Plaintiff alleges a due process claim against defendant Hill based on his placement in Administrative Segregation following the incident of force by defendant Landry. Plaintiff alleges that defendant Hill falsely stated in the placement order that plaintiff hit defendant Landry in the face and charged plaintiff with battery on a peace officer.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty

interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The state does not create protectable liberty interests by way of mandatory language in prison regulations. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Rather, the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

With respect to plaintiff's placement in Ad-Seg, the Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of Administrative Segregation, see Hewitt, 459 U.S. at 466-68, and plaintiff does not have a state-created liberty interest in remaining free from Ad-Seg under the circumstances described in plaintiff's complaint. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted). Further, even assuming for the sake of argument that plaintiff did have a liberty interest at stake, due process required only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Plaintiff's disagreement with the issuance of the Ad-Seg placement order by defendant Hill does not support a claim for relief under section 1983 for deprivation of a liberty interest without due process of law.

Plaintiff's allegations and exhibits establish that after being found guilty of the disciplinary violation at his disciplinary hearing, plaintiff was assessed an eighteen month SHU term. Assuming that plaintiff had a liberty interest in remaining free from the SHU, Wilkinson v. Austin, 125 S.Ct. 2384, 2394-95 (2005), plaintiff has not alleged that he was deprived of any of the protections he is

///

///

due under federal law or alleged any facts linking any defendants named in the complaint to such deprivations.[1]

#### 4.  Claim Against Defendants Woodford and Scribner

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendants Woodford and Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

---

[1] "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994). Further, "some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

violation.'" <u>Hansen</u> at 646. Plaintiff is attempting to impose liability on Director Woodford and Warden Scribner on the basis of the positions they hold within CDCR. (Comp., ¶¶37-38.) As such, plaintiff fails to state any claims upon which relief may be granted under section 1983. There are no facts supporting a claim that defendants were involved in the alleged incident of excessive force, or in the deficient retaliation and due process claims.

### E. Conclusion

The court finds that plaintiff's complaint contains a cognizable claim for relief against defendants Landry and Casby for use of excessive force, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not contain any other claims for relief which are cognizable under section 1983. The court provided plaintiff with the opportunity to file an amended complaint, but plaintiff opted to proceed only on his excessive force claim against defendants Landry and Casby. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's complaint, filed August 8, 2005, against defendants Landry and Casby on plaintiff's excessive force claim;

2. Plaintiff's excessive force claim against any defendant other than Landry and Casby, and plaintiff's retaliation, due process, and supervisory liability claims be dismissed for failure to state a claim upon which relief may be granted; and

3. Defendants Woodford, Scribner, Poulos, and Hill be dismissed based on plaintiff's failure to state any claim upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 28, 2006**                          /s/ Sandra M. Snyder
icido3                                           UNITED STATES MAGISTRATE JUDGE