# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REYNOLDS, | CASE NO. 1:05-cv-01014-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED, WITHOUT PREJUDICE |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 25) |
| Defendants. | |

I.  Findings and Recommendations Addressing Defendants' Motion to Dismiss

   A.   Procedural History

Plaintiff James Reynolds ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed August 8, 2005, against defendants Landry and Casby ("defendants") for use of excessive force, in violation of the Eighth Amendment.[1] On October 13, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies in compliance

///

---

[1] Plaintiff's excessive force claim against any defendant other than Landry and Casby, and plaintiff's retaliation, due process, and supervisory liability claims were dismissed for failure to state a claim upon which relief may be granted; and defendants Woodford, Scribner, Poulos, and Hill were dismissed based on plaintiff's failure to state any claim upon which relief may be granted against them. (Doc. 18.)

1

with 42 U.S.C. § 1997e(a). (Doc. 25.) Plaintiff filed an opposition on November 17, 2006.[2] (Doc. 28.)

B.    Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.    Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on June 26, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 17.)

1  level, first formal level, second formal level, and third formal level, also known as the "Director's
2  Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being
3  appealed, and the process is initiated by submission of the appeal to the informal level, or in some
4  circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section
5  1997e(a), California state prisoners are required to use this process to exhaust their claims prior to
6  filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.
7    In his complaint, plaintiff alleges that he attempted on several occasions to exhaust but was
8  unsuccessful. (Doc. 1, Comp., 8:21-22.) Plaintiff alleges that he sent an inmate appeal to the
9  appeals coordinator on July 28, 2004, but it was never processed or returned to him. (Id., 8:23-9:3.)
10 Thereafter, on September 12, 2004, plaintiff submitted another appeal to the appeals coordinator but
11 it was not processed or returned. (Id., 9:4-6.) Plaintiff alleges that he also submitted a copy of the
12 appeal to the ombudsman on September 12, 2004, but it was not processed or returned. (Id., 9:7-10.)
13 Plaintiff alleges he sent a third copy of the appeal to the Director's Level of review in Sacramento,
14 but it was returned with a letter notifying him that he must submit the appeal to the appeals
15 coordinator. (Id., 9:11-24.) On February 7, 2005, plaintiff again sent the appeal to the Director's
16 Level of review with an explanatory letter regarding his attempts to get the appeal processed, but
17 received no response. (Id., 9:25-10:2.)
18    Defendants argue that plaintiff's allegations constitute an admission that he failed to exhaust,
19 and that there is no record of any appeals filed by plaintiff concerning the alleged incident of force
20 at issue in this action. In support of their motion, defendants submit evidence that records reflect
21 no submission of an appeal at CSP-Corcoran concerning the use of force. (Doc. 25, Jones Dec., ¶¶5,
22 6.) Defendants also submit evidence that plaintiff submitted appeal log number 04-3582 grieving
23 the issuance of a CDC-115 for battery on a peace officer on July 16, 2004, but that the appeal was
24 not accepted for review at the Director's Level. (Id., Grannis Dec., ¶¶9, 10.)
25    Defendants correctly argue that plaintiff may not bypass the institutional levels and proceed
26 directly to the Director's Level, and that appeals must be submitted within fifteen working days of
27 the event at issue. However, this is not a situation where plaintiff simply attempted to bypass the
28 institutional levels or where plaintiff's appeal was screened out as untimely.

Plaintiff has submitted evidence that he sent an inmate appeal grieving the incident at issue in this action to the appeals coordinator on July 28, 2004, and again on September 12, 2004, but received no response either time.[3] Plaintiff has also submitted evidence that for inmates in administrative segregation, as he was at the time, institutional mail is the only way to submit an appeal and once it is in officials' hands, they must direct it to the appeals office. (Doc. 28, Opp., 4:26-5:4.)

In order to prevail on their motion, defendants must demonstrate plaintiff's failure to exhaust, Jones, 127 S.Ct. at 921; Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005). In a situation such as this where plaintiff submitted evidence that he attempted to properly utilize the appeals process but received no response to his appeal, defendants must do more than point out the lack of an appeal logged at the institutional or Director's level. Defendants are not entitled to dismissal unless they address plaintiff's contention and demonstrate what remedies were available in such a situation. It is not the court's burden to craft an opinion regarding what plaintiff was or was not obligated to do when he did not receive a response to the appeal he allegedly properly submitted at the institutional level.

The court is not finding that plaintiff exhausted. Rather, the court is merely finding that in light of defendants' failure to address plaintiff's contention that he attempted to utilize the process properly but was unsuccessful, defendants have not met their burden and are not entitled, at this time, to dismissal for failure to exhaust.

D.   Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that:

1.   Defendants' motion to dismiss for failure to exhaust, filed October 13, 2006, be DENIED, without prejudice; and

2.   Defendants be required to respond to plaintiff's complaint within thirty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

---

[3] Plaintiff's verified complaint and verified opposition may be used as opposing affidavits to the extent they are based on facts within plaintiff's personal knowledge. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

4

**days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 4, 2007**                                /s/ Sandra M. Snyder
icido3                                                              UNITED STATES MAGISTRATE JUDGE